UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:07 CV 232 |
| | ) | |
| Plaintiff-Respondent, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| DERRICK E. LAYNE, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant-Petitioner. | ) | |

This matter comes before the Court upon Derrick E. Layne's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #1.)

**I.**

On May 12, 2006, pursuant to a written plea agreement, Petitioner entered a plea of guilty to one count of the Indictment, which charged him with being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922 (g)(1). On July 28, 2006, this Court sentenced Petitioner to forty-six months of incarceration, to be followed by three years of supervised release. Petitioner appealed to the United States Court of Appeals for the Sixth Circuit, and the appeal currently remains pending.

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must

demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

**III.**

Petitioner raises two claims in his Motion. First, Petitioner seeks a "correction of sentence," based upon his claim that the following occurred:

> The Judge departed from Category V, (46-51 months) to category IV (37-46 months). [H]e stated he was giving me the lower end 47 months. It is clear he meant to say 37 months. Because the highest number of months in category IV is 46 months, that is what was put down as my sentence.

(ECF # 1.) Second, Petitioner alleges that his federal sentence should commence when he was arrested. (*Id*.) More specifically, Petitioner asserts:

> Although federal courts may not order that federal sentence [sic] begin when defendant was arrested by the state for same [sic] conduct underlying federal [sic] offense, Because [sic] BOP determines credit, federal judge may accomplish same end by departing downward in federal sentence. To ensure concurrent sentence Judge should increase the departure granted.

(*Id*.) Because Petitioner's claims lack merit, the Motion to Vacate, Set Aside or Correct Sentence is

denied.

As an initial matter, Petitioner waived his right to collaterally attack his sentence. According to the terms of the plea agreement, and as determined through the plea colloquy, Petitioner voluntarily consented to be sentenced under the United States Sentencing Guidelines and waived virtually all of his available rights to file post-conviction petitions. The record reflects that the Court sentenced Petitioner well under the statutory maximum and within the applicable guideline range. Because Petitioner's sentence fell within the terms of the post-conviction waiver, the instant Motion shall be dismissed.

Furthermore, Petitioner is incorrect in asserting that the applicable sentencing range was 37 to 46 months of imprisonment. As the record reflects, the Court found that Petitioner's offense level was 19 and departed downward to a criminal history Category IV, resulting in a sentencing range of 46 to 51 months of imprisonment. Hence, Petitioner's claim that the Court mistakenly sentenced him to 46 months of incarceration is without merit.

To the extent that Petitioner seeks a further downward departure to account for the time he spent in federal custody on state charges prior to his federal case, Petitioner has waived this claim. As set forth above, the record reflects that Petitioner voluntarily agreed to be sentenced under the Sentencing Guidelines, without seeking a further downward departure. Having waived the right to pursue a § 2255 claim seeking a downward departure, Petitioner's claim is without merit.

**IV.**

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §

3

2255 is DENIED (ECF # 1).  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

                                      *s/ Donald C. Nugent*
                                      DONALD C. NUGENT
                                      United States District Judge

DATED: <u>April 24, 2007</u>